Filed 8/5/22  In re P.V. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re P.V., a Person Coming Under the Juvenile Court Law. | C094930 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES, | (Super. Ct. No. JD240819) |
| Plaintiff and Respondent, | |
| v. | |
| C.V., | |
| Defendant and Appellant. | |

C.V., father of the minor (father), appeals from the juvenile court's order terminating parental rights and freeing the minor for adoption. (Welf. & Inst. Code, §§ 366.26, 395.)[1] Father contends the Sacramento County Department of Child, Family and Adult Services (Department) failed to comply with the requirements of the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq. (ICWA)). The Department

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

concedes the issue. We will accept the Department's concession and conditionally affirm the juvenile court's judgment subject to full compliance with the ICWA.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

### *Amador County Proceedings*

The minor was removed from the parents after testing positive for amphetamine and opiates at birth. The Amador County Department of Social Services (Amador Department) filed a dependency petition on behalf of the minor pursuant to section 300, subdivisions (a) and (b). The Amador Department's inquiry of mother revealed she and the minor were enrolled members in a tribe not federally recognized for purposes of the ICWA. Father initially stated he believed he had Indian ancestry but " 'not enough to count.' " He agreed to contact relatives for further information, but subsequently filed an ICWA-020 form stating he had no known Indian ancestry. The Amador Department attempted to contact the paternal grandfather, J.V., to inquire about the family's potential Indian heritage, to no avail.

The jurisdiction and disposition reports noted father's denial of Indian ancestry. The disposition report identified a number of relatives, including the paternal grandparents, the paternal great-grandmother, the paternal aunt, and several other individuals. The reports made no mention of the Amador Department's attempts to contact or make ICWA inquiries of those individuals.

At the jurisdiction/disposition hearing, the court sustained the petition, determined the minor to be a dependent of the juvenile court, ordered the minor removed from the parents' custody, and found the minor was not an Indian child within the meaning of the ICWA.

---

[2] Because father's sole claim challenges compliance with the ICWA, we limit the background summary to the ICWA-related facts and procedure unless otherwise relevant to the issue on appeal.

On August 27, 2020, the juvenile court ordered the matter transferred to Sacramento County.

## Sacramento County Proceedings

The Sacramento County Juvenile Court found there was insufficient information to determine if the minor was an Indian child and, based on the information provided, ordered the Department to conduct further inquiry as required by the ICWA.

On October 6, 2020, the Department filed a declaration regarding its ICWA investigation, reporting that its attempts to contact mother were unsuccessful, and its contact with the paternal great-grandmother revealed she knew nothing about the minor's possible Indian ancestry. The Department also confirmed the tribe in which mother and the minor were enrolled — the Western Cherokee Nation — was not a federally recognized tribe and therefore no notice was necessary as to mother.

The Department's transfer-in report referred the court to its previously filed ICWA declaration but gave no further information regarding the ICWA inquiry efforts. The report noted the social worker contacted several of the parents' previously identified relatives, including the paternal great-grandmother and paternal grandmother, regarding possible placement.

According to the November 2020 addendum report, the paternal great-grandmother reported the paternal great-grandfather's first cousin was a Native American who was very connected to the Indian culture. The paternal great-grandmother completed the resource family approval process and was approved for placement of the minor. On November 30, 2020, the minor was placed with the paternal great-grandmother.

The January 2021 status review report stated the ICWA did not apply.

On March 5, 2021, the Department filed an informational memorandum stating, among other things, that the Department "ha[d] complied with the ICWA notice provisions contained in the California Rules of Court, Rule 5.480 et seq."

3

In two reports filed in May 2021, the Department clarified the identity of the paternal relatives, noted the paternal grandmother was not biologically related to the paternal great-grandmother, and stated the ICWA does not apply, adding the Amador County Juvenile Court found the ICWA did not apply on July 23, 2020, and "[t]here [was] no new information to report regarding possible Indian ancestry."

On September 27, 2021, the court terminated parental rights, freeing the minor for adoption.

## DISCUSSION

Father contends the juvenile court and the Department failed their continuing duty of inquiry under the ICWA because father's responses to the Department's inquiry were conflicting and ambiguous, and the Department failed to inquire of paternal relatives for whom the Department had available contact information. The Department concedes the issue and agrees the matter must be conditionally affirmed subject to full compliance with the ICWA. We agree.

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' [Citation.]" (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) The juvenile court and the Department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)

4

Section 224.2, subdivision (e) provides that if the court or social worker "has reason to believe that an Indian child is involved in a proceeding," the court or social worker shall, as soon as practicable, "make further inquiry regarding the possible Indian status of the child." As relevant here, further inquiry includes interviewing the parents, Indian custodian, and extended family members to gather the information required in section 224.3, subdivision (a)(5). (§ 224.2, subd. (e).)

"[S]ection 224.2 creates three distinct duties regarding ICWA in dependency proceedings. First, from the Agency's initial contact with a minor and his [or her] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the Agency 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id.,* subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id.,* subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.)

We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence. (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.)

Here, father gave ambiguous information when he stated he believed he had Indian ancestry but " 'not enough to count.' " He then contradicted that statement when he filed an ICWA-020 form stating he had no known Indian ancestry. The Department inquired of the paternal great-grandmother, who confirmed she had no information. The Department had the names of and communicated with several other paternal relatives, as

5

set forth in reports filed with the court. But based on the record, and as the Department concedes, the Department made no inquiry of those individuals about Indian heritage and made no attempt to clarify father's earlier statements.

Section 224.2 imposes "an affirmative and continuing duty to inquire" whether a child is or may be an Indian child. (§ 224.2, subd. (a).) The Department's duty of the ICWA inquiry extends to the minor's extended family, if known. (§ 224.2, subd. (b); Cal. Rules of Court, rule 5.481(a)(4).) Here, father's statements made it unclear whether or not he had Indian heritage and information regarding the minor's extended family was known. Based on the record, we conclude the Department did not comply with its duty of inquiry. We must therefore remand for further ICWA proceedings.

## DISPOSITION

The orders terminating parental rights are affirmed subject only to full compliance with the ICWA as described in this opinion. If, on remand, the juvenile court determines the ICWA applies, the court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing. (25 U.S.C. § 1914; § 224, subd. (e).)


/s/

HOCH, J.

We concur:


/s/

MAURO, Acting P. J.


/s/

DUARTE, J.

6